IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WILLIAM JONES

                                                    OPINION AND ORDER

                  Plaintiff,

                                                    18-cv-393-bbc

      v.

CAPTAIN JAY VAN LANEN and
and LIEUTENANT WICKMAN,

                  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Williams Jones is incarcerated at the Green Bay Correctional Institution. He is proceeding in this case on claims under the First Amendment that defendants Captain Jay Van Lanen and Lieutenant Wickman retaliated against him and interfered with his right of access to the courts by destroying legal documents and evidence. Now before the court is defendants' motion to transfer the case to the Eastern District of Wisconsin. Dkt. #13.

      Under 28 U.S.C. § 1404(a), a court may transfer a case to another district in which the action may have been brought if transfer serves the convenience of the parties and witnesses and will promote the interest of justice. Coffey v. Van Dorn Iron Works, 796 F.2d 217, 219-20 (7th Cir. 1986). "The statute permits a 'flexible and individualized analysis.'" Research Automation, Inc. v. Schrader-Bridgeport International, Inc., 626 F.3d 973, 978 (7th Cir. 2010) (quoting Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988)). Defendants bear the burden of establishing that the proposed new venue is clearly

1

more convenient. Coffey, 796 F.2d at 219.

The convenience inquiry "generally" focuses on "the availability of and access to witnesses, and each party's access to and distance from resources in each forum." Research Automation, 626 F.3d at 978. Defendants contend that transfer to the Eastern District, where Green Bay Correctional Institution is located, is clearly more convenient for the parties and witnesses because the events at issue occurred there and plaintiff, both defendants and most potential witnesses (including other Green Bay Correctional employees and inmates) reside there. They point out that allowing the case to remain in the Western District would result in substantial expenditures, including personnel resources and travel costs, if the case proceeds to trial. Although plaintiff opposes the motion, he does not discuss the relative convenience of the two forums. Therefore, I find that this factor weighs strongly in favor of transfer.

The second part of the analysis is the interest-of-justice inquiry, which "relates to the efficient administration of the court system" and focuses on "factors including docket congestion and likely speed to trial in the transferor and potential transferee forums, each court's relative familiarity with the relevant law, the respective desirability of resolving controversies in each locale, and the relationship of each community to the controversy." Research Automation, 626 F.3d at 978. "The interest of justice may be determinative, warranting transfer or its denial even where the convenience of the parties and witnesses points toward the opposite result." Id.

Because defendants filed their motion to transfer on the same day as their answer,

there has not yet been a scheduling conference and there are no pending motions, transferring the case will not delay any proceedings. Defendants also submit statistics showing that the Eastern District and Western District share similar caseloads and that one district is not clearly faster than the other. Defendants do not argue the remaining factors, but I have no doubt that both courts are familiar with the relevant law.

Plaintiff makes the following arguments related to the interest-of-justice inquiry: (1) Green Bay area residents would be biased against inmates because several violent acts by inmates have been covered by the Green Bay news media; (2) defendants are influential in the Green Bay area because of the local community service programs they support (e.g., domestic violence, homelessness and veterans); (3) plaintiff's jailhouse lawyer is familiar with the practices and procedures of the Western District; (4) this court is familiar with plaintiff's allegations; and (5) transfer will delay proceedings. Although a "plaintiff's choice of forum is usually given substantial weight," it "is given less deference 'when another forum has a stronger relationship to the dispute.'" Almond v. Pollard, 2010 WL 2024099, at *2 (W.D. Wis. May 18, 2010) (quoting Amorose v. C.H. Robinson Worldwide, Inc., 521 F. Supp. 2d 731, 735 (N.D. Ill. 2007)). I am sympathetic to plaintiff's desire to choose the court with which he is most familiar, but his reasons do not overcome the significant inconvenience to defendants associated with keeping this case in the Western District.

Plaintiff does not point to any specific media coverage that he believes will influence the decision in his case. As defendants point out, all media markets in Wisconsin have reported various stories related to the Department of Corrections. Sometimes the headlines

3

may elicit sympathy for correctional staff, and other times the headlines may elicit sympathy for inmates. Apart from plaintiff's own subjective beliefs, there is no reason to believe that people in the Green Bay community will have a strong interest in this case, which involves events that took place within the prison and affect only plaintiff's individual constitutional rights.

Although plaintiff raises general concerns about potential jurors being biased in favor of defendants, he has not stated that any of the defendants are particularly influential or well-known in the local area. Even if some of the defendants support local community causes, jurors are selected from across the Eastern District as a whole and not just from the City of Green Bay. In addition, the voir dire process is intended to eliminate potential jurors who have any bias they cannot put aside.

Finally, the only familiarity that this court has with this case comes from the screening of plaintiff's complaint. The Eastern District will have access to both the complaint and this court's screening order. Although plaintiff may be used to this court's procedures, the Federal Rules of Civil Procedure and the Federal Rules of Evidence apply in all federal courts and plaintiff will be provided the Eastern District's local rules, which are similar with respect to summary judgment procedures and trial requirements.

Accordingly, I conclude that transfer to the Eastern District is proper because it is a clearly more convenient forum and the interests-of-justice factor does not weigh clearly for or against transfer.

ORDER

IT IS ORDERED that defendants' motion to transfer this case to the Eastern District of Wisconsin, dkt. #13, is GRANTED. This case is TRANSFERRED to the United States District Court for the Eastern District of Wisconsin.

Entered this 26th day of November, 2018.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge